CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 01 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT WILLIAM CHAPMAN,<br>    Plaintiff, | Civil Action No. 7:08-cv-00229 |
| v. | MEMORANDUM OPINION |
| GENE JOHNSON, et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Robert William Chapman, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Chapman alleges that prison officials at Green Rock Correctional Center ("Green Rock") have violated his constitutional rights by denying him meaningful access to the grievance procedure, keeping his cell lights dimmed over weekends and holidays, and maintaining inadequate security related to his cell door. He seeks monetary damages and injunctive relief. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Chapman first complains that certain officers have interfered with his ability to utilize the grievance procedures at Green Rock. These officers have allegedly returned his grievances, saying that he has not used the informal preliminary procedures, when in fact, he has used such procedures. They have also returned grievances, asking for additional information or because Chapman supposedly addressed more than one issue in one grievance.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

In his second claim, Chapman alleges that for more than nine months, Green Rock's policy has required officers to keep the cell lights dimmed during weekends (from 10:00 p.m. Friday night until 5:30 a.m. Monday morning) and on holidays. Chapman claims that when the lights are dimmed, his cell is so dark that he cannot read or shave. The only window in his cell is long and narrow and provides very little natural light. In order to perform routine count procedures, officers must turn on the lights. These unsafe lighting conditions are compounded by the fact that officers open Chapman's cell door at random times for no reason. He is unable to sleep because fears for his safety, based on an incident in 1973 when he was stabbed at another institution with poor lighting conditions. He asserts that no other prison in the Virginia Department of Corrections (VDOC) system dims the lights so severely over such long periods of time. A recent announcement posted at Green Rock indicates that beginning April 1, 2008, the cell lights will be dimmed starting at 5:45 p.m. daily instead of 10:00 p.m.

Chapman's Claim 3 offers more details about the times when officers have randomly opened his door– while he is at work, in the dining hall, or trying to sleep in his cell. He is concerned that when the door opens for no reason, other inmates will have access to his cell to rob or injure him. He also complains about an incident when the fire alarm sounded and the pod was being evacuated, but no one opened his cell door, even after he pressed the emergency call button.[2]

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[2] The responses to Chapman's grievance about this particular incident indicate that the fire alarm sounded because something had burned in the microwave; there was no emergency or need to evacuate all cells.

2

resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) and Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Therefore, a prison official's failure to comply with the state's existing grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F.Supp. 8, 9-11 (N.D.Ill. 1982).

Under this precedent, the officers' inaccurate responses to his grievances simply do not state any separate constitutional violations. If their alleged behavior continues and prevents him from exhausting his administrative remedies as to a claim that he wishes to bring in a civil action before this court, he may argue that he made adequate attempts to satisfy the exhaustion requirements of 42 U.S.C. § 1997e(a), but was frustrated in his efforts by officials' noncompliance. Such a showing might allow him to proceed in the civil action on constitutional claims, despite having never been allowed to complete the available administrative remedies. The officers' frustrating responses to his grievances, however, do not state any separate grounds for relief under § 1983. Therefore, Claim 1 must be dismissed, pursuant to § 1915A.

Chapman's other claims in this action allege unsafe prison conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was, objectively, "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, the plaintiff must show that objectively, he has sustained a serious or significant mental or physical injury as a result of the challenged

3

conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993). Second, plaintiff must show that subjectively, the defendant officials acted with deliberate indifference toward the risk of harm. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To prove deliberate indifference, plaintiff must demonstrate that the officer was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and then disregarded the risk by failing to take "reasonable measures" to alleviate it. Id. at 837.

Chapman simply does not allege facts stating any constitutional claim regarding the dimming of the lights in his cell. His own exhibits demonstrate that the lights in the day room are only dimmed after the clearing of the 10:00 p.m. count procedures. At other times of day and during weekends and holidays, then, he may read or shave in the day room, if his cell lighting is too dim to allow such activities. His preference for performing these activities in his cell does not present a deprivation of constitutional proportions. If he feels that he is unsafe under the present lighting conditions, he may pursue his request for a transfer to another institution or seek protective custody. The fact that the lighting conditions themselves cause him to fear for his safety, based on his past experiences, does not, without more, prove that the current conditions actually present a substantial risk of serious harm, that defendants know of this risk, or that they have taken no steps to alleviate it. Finally, Chapman does not demonstrate that he has filed a regular grievance about current lighting conditions or appealed it to the highest level of the grievance procedures as required under § 1997e(a). He states that he has talked to officers and the psychologist and received responses to informal request forms that he believed were improper. These actions cannot substitute for

4

exhaustion of the formal grievance procedures themselves or excuse him from continuing his efforts to utilize all steps of the grievance procedures to seek administrative review of his concerns about the lighting schedule at Green Rock. See Woodford v. Ngo, 548 U.S. 81 (2006) (stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). For the stated reasons, the court concludes that Chapman's Claim 2, concerning inadequate lighting, must be dismissed, pursuant to § 1915A.

Chapman has filed numerous informal request forms concerning the random opening of his cell door, while he is at work or at the dining hall, or while he is in the cell, trying to sleep. He states that this has happened several times in the past ten months. Yet, the one regular grievance that he submits on this issue, concerning the problem with his cell door prior to July 9, 2007, was not appealed to the highest level of review; it was withdrawn by Chapman himself on July 27, 2007, without explanation. The form indicates Chapman's understanding that "by withdrawing this grievance, there will be no further action on this issue nor will [he] be able to file any other grievance in the future on this issue." Although he asserts that the door opening problem continued past July 2007, he does not allege or submit documentation demonstrating that he has filed a regular grievance since last July or appealed to the highest level of review. Therefore, he cannot litigate the issue in federal court at this time, pursuant to § 1997e(a), and it will be dismissed without prejudice. Moreover, it is clear from the responses Chapman received to his informal requests that the random door openings are not standard prison procedure. Officials have informed him that they will review the problem and take steps to correct it. Such efforts do not demonstrate deliberate indifference, and negligent actions (such as isolated incidents of random door opening) do not state any constitutional

5

claim. See Daniels v. Williams, 474 U.S. 327 (1986). Certainly, the one past incident when no one responded to Chapman's emergency call button does not state any constitutional claim, as he does not allege suffering any injury whatsoever.

III

In conclusion, the court does not find that Chapman's allegations state any claim on which he is entitled to relief under § 1983. Moreover, as to his claim regarding the random opening of his cell door, he has not demonstrated exhaustion of administrative remedies. Accordingly, his complaint will be dismissed, pursuant to § 1915A and § 1997e(a). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of April, 2008.

/s/ James C. Turk
Senior United States District Judge